IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT C. ATKINSON, FS-9930, )
    Petitioner, )
)
v. ) 2:11-cv-1187
)
JOSEPH MAZURKIEWICZ et al., )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Robert C. Atkinson for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Robert C. Atkinson, an inmate at the State Correctional Institution at Greensburg has presented a petition for a writ of habeas corpus. Atkinson is presently serving a forty-eight and a half to ninety-six and a half year sentence imposed following his conviction, by a jury, of one hundred sixteen counts of theft by failure to make required disposition of funds received, theft by deception and deceptive or fraudulent business practices as well as one count of corrupt organization and one count of securities fraud at No. CP-20-CR-1860-2002 in the Court of Common Pleas of Butler County, Pennsylvania. This sentence was imposed on January 20, 2004.[1]

    An appeal was taken to the Superior Court in which the issues presented were:

I.    The trial court committed reversible error by allowing inadmissible hearsay to be entered by the Commonwealth witnesses in the form of inappropriate exhibits and testimony about alleged victim statements and transactions without the alleged victims being present.

II.    Appellant was denied the opportunity to confront his accusers pursuant to the Sixth Amendment to the United States Constitution due to the Commonwealth structuring their presentation of evidence without a

---

[1] See: Petition at ¶¶1-6.

1

> majority of the alleged victims being present and due to the trial court's ruling on the inadmissible hearsay objection.

> III. The trial court committed reversible error by denying the appellant's motion for acquittal at the end of the Commonwealth's case in chief.

> IV. The trial court imposed a clearly unreasonable sentence despite the sentence being within the legal range.

> V. The trial court committed error by denying appellant's omnibus pre-trial motion dealing with Ken Nye of the Attorney General's Office questioning appellant while appellant was represented by counsel.

> VI. Appellant has after-discovered evidence that warrants a new trial in the form of newly discovered contracts with railroad companies that would have an effect on the outcome of the trial, is not cumulative in nature, and was not generally available at the time of trial.

> VII. The Commonwealth committed prosecutorial misconduct in it[s] closing argument by blatantly mischaracterizing the evidence that was presented at trial with regard to making statements about appellant's opulent lifestyle when a minimal amount of testimony was presented and by making statements that appellant sought out the alleged accomplices in the case.[2]

On April 26, 2006 the judgment of sentence was affirmed.[3]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the issues presented were:

> I. The trial court committed reversible error by allowing inadmissible hearsay to be entered by the Commonwealth witnesses in the form of inappropriate exhibits and testimony about alleged victim statements and transactions without the alleged victims being present.

> II. Appellant was denied the opportunity to confront his accusers pursuant to the Sixth Amendment to the United States Constitution due to the Commonwealth structuring its presentation of evidence without the majority of the named victims being present.

> III. The Pennsylvania Superior Court misapplied legal principles when addressing the discretionary aspect of appellant's sentence in its memorandum opinion to the extent that it violated appellant's exercise of a fundamental constitutional right being the right to due process of law.

---

[2] See: Exhibit T to the answer at p.4.
[3] See: Exhibit V to the answer.

IV.  The Pennsylvania Superior Court misapplied the legal principle regarding after-discovered evidence in its memorandum opinion.[4]

On July 26, 2007, leave to appeal was denied.[5]

Atkinson then sought post-conviction relief. Relief was denied on March 31, 2010 and an appeal was taken to the Superior Court in which the issues presented were:

I.  Was trial counsel ineffective because he neither requested jury instruction that one accomplice cannot corroborate another accomplice and because he failed to object to the charge given which omitted the inability to corroborate instructions?

II.  Was trial counsel ineffective because he failed to object to the court's accomplice charge that gave the jury the option of applying the special accomplice rules to the testimony of Henry Glogowski, Barry Carle, Ron Cochene, James DiPalma and William Scalera and did not require the rules to apply to their testimony?

III.  Was trial counsel ineffective because he failed to call any character witnesses?

IV.  Was trial counsel ineffective for failing to object to the charts used by accomplice witness Henry Glogowski and other accomplices which were a reconstruction of their records, total hearsay, and which were not admissible as business records?

V.  Was petitioner's sentence imposed in violation of the Fourteenth Amendment's due process and equal protection clauses, and the Eighth Amendment's cruel and unusual punishment clause because of its disparate treatment of those culpable and its being grossly excessive?

VI.  Was petitioner's sentence imposed in violation of the state and federal constitutions' due process prohibition against using his continued assertion that he was not guilty against him as a factor which aggravated his sentencing?

VII.  Does the cumulative impact of petitioner's ineffectiveness claims clearly establish prejudice?[6]

On December 28, 2010, the denial of post-conviction relief was affirmed.[7]

---

[4] See: Exhibit W to the answer at p.2.
[5] See: Exhibit Y to the answer.
[6] See: Exhibit II to the answer at p.7.
[7] See: Exhibit KK to the answer.

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the issues presented were:

I. Review should be granted to determine if trial counsel was ineffective because he failed to request jury instructions that one accomplice cannot corroborate another accomplice and because he failed to object to the charge as given which failed to inform the jury that one accomplice could not corroborate another accomplice.

II. Review should be granted to determine if trial counsel was ineffective because he failed to object to the court's accomplice charge that gave the jury the option of applying the special accomplice rules to the testimony of Henry Glogowski, Barry Carle, Ron Cochene, James DiPalma and William Scalera.

III. Review should be granted to determine if trial counsel was ineffective because he failed to call any character witnesses.

IV. Should review be granted to determine if trial counsel was ineffective for failing to object to the charts used by accomplice witness Henry Glogowski and other accomplices which were a reconstruction of their records, total hearsay, and which were not admissible as business records?

V. Should review be granted to determine if trial counsel was ineffective because he failed to object to the Glogowski charts as hearsay, as being incompetent as business records, and as reconstructed records designed specifically for this trial?

VI. Should review be granted to determine if petitioner's sentence was imposed in violation of the state and federal constitutions' due process prohibition against using his continued assertion that he was not guilty against him as a factor which aggravated his sentencing?[8]

Leave to appeal was denied on August 24, 2011.[9]

The petitioner executed the instant petition on September 15, 2011, and in it he contends he is entitled to relief on the following grounds:

1. Due process violation of the 5th and 14th Amendments of the United States Constitution in that:
   a. The trial court erred in admitting inadmissible hearsay in the form of inappropriate exhibits and testimony about victim statements and transactions without the victims being present.

---
[8] See: Exhibit LL to the answer at pp. i-ii.
[9] See: Exhibit NN to the answer.

b. The trial court erred in denying petitioner's motion for acquittal at the end of the prosecution's case in chief.
c. The trial court erred by denying petitioner's omnibus pre-trial motion dealing with Ken Nye of the Attorney General's office questioning petitioner while he was represented by counsel.
d. After discovered evidence of newly discovered contracts that are non-cumulative, were not available at the time of the trial and would have affected the outcome of the trial.
e. Prosecutorial misconduct in its closing argument by mischaracterizing the evidence regarding petitioner's lifestyle.
f. Petitioner's sentence was improperly enhanced as a result of his continued assertion that he was not guilty.

2. Petitioner was denied the right to confront his accusers as a result of the majority of the alleged victims not being present as a result of the court's prior ruling on his hearsay objection.

3. Despite the imposed sentence being within the legal range, it was disproportionate to the crime.

4. Counsel was ineffective for:
    a. Failing to request a jury instruction that the testimony of one accomplice cannot be utilized to corroborate the testimony of another accomplice.
    b. Failing to object to the court's accomplice instructions which gave the jury the option of applying special accomplice rules.
    c. For failing to call any character witnesses.
    d. For failing to object to the charts used by Glogowski and other accomplices which were based on hearsay and not admissible as business records.
    e. The cumulative impact of these claims.[10]

The Commonwealth concedes that the instant petition is timely filed.[11]

The background to this prosecution is set forth in the April 26, 2006 Memorandum of the Superior Court:

> In September 2002, Atkinson was indicted on fraud charges based on his alleged involvement in a "Ponzi"-type scheme, through which he defrauded 116 victim-investors of millions of dollars. In this scheme, Atkinson, personally, and then later through his accomplices, offered lucrative loan agreements to investors. He told these investors that he was able to offer such extraordinary rates of return on the loan agreements due to his proprietary contracts with various railroad companies for their valuable scrap, which he supposedly sold at great profit. The evidence at trial established, however, that there were no such railroad contracts,

---

[10] See: Petition at ¶12.
[11] See: Response at pp.5-6.

5

and that this claim was a ruse to get the victims' money. Initially, Atkinson would pay off these loan agreements in full, in a pretense of good faith. Later, he would pay them off in part, or he would convince the investor to rollover overdue agreements into larger agreements. Later still, de defaulted entirely.

Following a trial which began on January 7, 2004, Atkinson was found guilty of 116 counts of theft by failure to make required disposition of funds received [18 Pa.C.S.A.§3927], 116 counts of theft by deception [18 Pa.C.S.A.§3922], 116 counts of deceptive or fraudulent business practices [18 Pa.C.S.A. §4107], one count of corrupt organizations [18 Pa.C.S.A.§911], and one count of securities fraud [70 P.S.§1-401]. Thereafter, by sentencing orders dated March 4, 2004 and amended March 12, 2004, Atkinson was sentenced to an aggregate term of 579 months (48 ½ years) to 1158 months (96 ½ years) imprisonment, plus restitution of over $7,000,000.[12]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental

---

[12] See: Exhibit V to the answer at pp.1-2.

miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

Petitioner's issues 1a and 2 result from the introduction of evidence in the form of a chart which summarized the losses incurred by the various victims without those victims actually being present in court and available for cross-examination. Those charts were developed as a

result of the testimony of the accomplices and not the victims.[13] As a result no objection to the charts having been raised, the Superior Court concluded that the hearsay objection was procedurally waived.[14] In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to employ the available state court remedies on this issue and no further consideration is warranted here. Additionally, we observe that in order to be cognizable in a federal proceeding, a petitioner must demonstrate that alleged evidentiary errors rose to the level of a due process violation. Keller v. Larkins, 251 F.3d 408 (3d Cir.2001). No such showing is made here.

Atkinson also contends that as a result of the introduction of the chart and not the victims' testimony, he was denied his right to confrontation. In reviewing this argument, the Superior Court noted that as a Pennsylvania evidentiary matter, the victims of a crime need not be called to testify against a defendant; that the chart in question was prepared based on the information provided by petitioner's accomplices and that the latter individuals were called upon to testify and subjected to cross-examination. As a result, the Superior Court concluded that no confrontation issue occurred.[15]

The Sixth Amendment right to confrontation, applicable to the states through the Fourteenth Amendment protects a criminal defendant's right to physically face his accusers and to cross-examine them. Pennsylvania v. Ritchie, 480 U.S. 39 (1987). In the present case, the petitioner's accusers were his co-conspirators who testified and were subject to cross-examination, and thus no confrontation problem arose. Accordingly, these allegations do not provide a basis for relief here. In addition, the Pennsylvania courts decided this issue as a matter of state law and this determination is conclusive here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

The petitioner next contends that he is entitled to relief as a result of the trial court's denial of his motion for acquittal at the end of the prosecution's case in chief. Although raised as

---

[13] See: Exhibit V to the answer at p.4.
[14] Id. at pp.4-5.
[15] Id. at p.6.

8

issue III in his direct appeal to the Superior Court, this issue was not raised in his petition for allowance of review to the Supreme Court and thus is procedurally defaulted here.[16] Additionally, the Superior Court determined as a matter of state law, that there was more than sufficient evidence upon which to deny Atkinson's motion for acquittal.[17] As a matter of state law, this determination is not subject to review here. Swarthout v. Cooke, supra.

Petitioner's argument 1.c. is that he was improperly questioned by a representative of the Attorney General's Office at a time when he was represented by counsel and without being advised of his Miranda rights. In reviewing this allegation, the trial court in its February 15, 2005 Memorandum concluded,

> At the hearing on the Omnibus Pre-trial Motion on June 18, 2003, testimony established that Agent Nye approached Defendant at the Club House Bar located at Ladbrook's in Harmarville, Pennsylvania, in order to serve a grand jury subpoena. After presenting Defendant with appropriate identification, Agent Nye suggested Defendant step away from the bar area in order to avoid embarrassment. Defendant asked to leave the building. Upon exiting the building, Defendant informed Agent Nye he was represented by counsel. He then stated he was unsure if he should "say anything" to which Agent Nye responded, "it was up to him." Defendant was never handcuffed, searched or informed he was being detained. Defendant volunteered several statements concerning his business and investments. The Court finds that these statements were made freely, absent threats, intimidation or coercion. There is nothing to suggest that Defendant was not free to leave, to terminate the conversation, or that a coercive atmosphere ensued as to trigger *Miranda* warnings. In fact, Defendant's statements were completely voluntary. The record does not support Defendant's claim to the contrary…[18]

These factual determinations are presumed correct here. 28 U.S.C. § 2254(e)(1); Roland v. Vaughn, 445 F.3d 671 (3d Cir.2006). No basis for drawing a contrary conclusion having been demonstrated, this claim does not provide a basis for relief.

The petitioner's next claim, 1.d., is that he should have been permitted to introduce after discovered evidence which would have affected the outcome of the trial. Specifically, he alleges that the documents which appear as Exhibit 1 to the petition demonstrate that he had contracts with railroad companies as he alleged in his defense. Interestingly, these documents are dated between January 19, 1989 and April 15, 1992

---

[16] See: Exhibit T to the answer at p.4 and Exhibit W to the answer at p.2.
[17] See: Exhibit V.to the answer at p.7.
[18] See: Exhibit R to the answer at p.7.

and cover a minute dollar amount when compared with the entirety of the scheme charged. In addition the indictment which was filed on September 18, 2002 charged events which occurred in September 2001 clearly well beyond the dates contained in this "newly discovered" evidence.[19] Under Pennsylvania law, to qualify as newly discovered evidence, it must be concluded that with diligence the evidence could not have been discovered earlier; that it is not merely cumulative ; that the evidence not be employed solely for impeachment and that if admitted a different outcome is likely. Comm. v. Dennis, 552 Pa. 331 (1998).

In reviewing Atkinson's claim, the Superior Court cited to the Pennsylvania standard that after-discovered evidence must meet and concluded:

> In explaining how this evidence could not have been obtained before the conclusion of the trial by reasonable diligence, Atkinson states only that "[t]hese documents were thought to have been destroyed until they were recently found." We find this explanation wholly unsatisfactory as it fails to account for how, with the exercise of reasonable diligence, the documents could not have been discovered earlier.[20]

As a determination of applicable Pennsylvania law, this conclusion is binding here. Swarthout v. Cooke, supra. Additionally, if regarded as a factual issue there are no elements here which would overcome the presumption of correctness. 28 U.S.C. § 2254(e)(1); Roland v. Vaughn, supra. For this reason, this claim does not provide a basis for relief.

In issue 1.e. Atkinson argues that prosecutorial misconduct occurred when in his closing, the prosecutor argued about the petitioner's lifestyle, a matter which he contends was not in evidence. This argument was withdrawn on appeal, and for this reason is not properly before this Court in that it is procedurally defaulted.[21]

The petitioner's next issue, 1.f. is that his sentence was enhanced as a result of his failure to admit his guilt. At the sentencing hearing the court stated:

> I believe that you had ample time to appreciate and to contemplate the seriousness of the harm which your offenses would cause. I also find that there has – since your arrest on these offenses, that there has been no indication or inclination that

---

[19] See: Exhibit A to the answer.
[20] See: Exhibit V to the answer at p.14.
[21] Id. at pp.14-15.

you will compensate the victims for your conduct and the damages that they have sustained as a result of it.

In fact, and to the contrary, I find that you have continued in the face of your conviction to deny any culpability or liability to your victims.[22]

Where a federal habeas corpus court is called upon to determine the legality of a sentence, it may do so only if the sentence was in excess of the statutory maximum, LaBoy v. Carroll, 437 F.Supp.2d 260 (D.Del.2006), or is grossly disproportionate to the crimes, Harmelin v. Michigan, 501 U.S. 957 (1991). In the instant case, Atkinson was convicted inter alia of one hundred sixteen counts of violating 18 P.S.A. 3927(a) [23] a third degree felony, 18 Pa.C.S.A.§3903(a), each count of which provides for a maximum seven year sentence. 18 Pa.C.S.A. § 1103(3). Clearly the penalty imposed, although severe, falls within the statutory maximum nor is it disproportionate to the high number of crimes of which Atkinson was convicted, and this claim does not provide a basis for relief here.

Petitioner's remaining claims concern the alleged ineffectiveness of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and

---

[22] See: Exhibit N to the answer at pp.84-85.
[23] 18 Pa.C.S.A. §3927(a) provides:
  A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition…

a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Atkinson's first two claims of ineffectiveness, 4.a. and 4.b., are that counsel was ineffective in failing to request an instruction that the testimony of one accomplice cannot be used to corroborate the testimony of another accomplice and for failing to object to the instructions provided. In this regard, the court instructed the jury:

> When a Commonwealth witness was so involved in a crime charged that he was an accomplice, his testimony has to be judged by special precautionary rules. Experience shows that an accomplice when caught will often try to place the blame falsely on someone else. He may testify falsely in the hope of obtaining favorable treatment or for some corrupt or inappropriate motives.
>
> On the other hand, an accomplice may be a truthful witness. The special rules that – that I shall give you are to help you in distinguishing between truthful and false accomplice testimony.
>
> In view of the evidence presented by Hank Glogowski, Barry Carle, Ronald Courchene, James DiPalma, and William Scalera concerning the criminal involvement, you must regard them as an accomplice in the crime charged and apply the special rules with regard to their respective testimony. You must decide whether any of them were accomplices in the crimes charged. If after considering all the evidence you find that any of them was an accomplice, then you must apply the special rules to his testimony. Otherwise, ignore those rules…
>
> First, you should view the testimony of an accomplice with disfavor because it comes from a corrupt or occluded source. Second, you should examine the testimony of an accomplice closely and accept it only with care and caution. Third, you should consider whether the testimony of an accomplice is supported in whole or in part by other evidence.
>
> Accomplice testimony is more dependable if supported by independent evidence; however, even if there is no independent supporting evidence, you may still find the defendant guilty solely upon the basis of an accomplice's testimony if after using the special rules I have just told you about, you are satisfied beyond a reasonable doubt that the accomplice testified truthfully and that the defendant is guilty. You may also take into account that the witness has been given immunity from prosecution… (TT.1/20/2004 pp.128-131).

The record also reflects that the jury instructions had been provided to counsel prior to their presentation to the jury and that counsel had found them acceptable. (TT.1/20/2004 p.2).

In reviewing petitioner's claim that counsel was ineffective, the Superior Court concluded that as a matter of state law, there was no error in this instruction and accordingly counsel cannot be deemed ineffective for failing to request additional instructions.[24] Thus, as a matter of state law, this claim is not subject to review here. Swarthout v. Cooke supra. In addition, even if this were not the case, in reviewing jury instructions federal habeas corpus courts must review those instructions as a whole and not in isolation. Riley v. Taylor, 277 F.3d 261 (3d Cir.2001). In the instant case, we have examined those instructions and conclude that the court more than adequately explained the skepticism with which accomplice testimony should be reviewed. As a result counsel cannot be deemed ineffective for failing to raise a meritless issue. Real v. Shannon. 600 F.3d 302 (3d Cir.2010).

Petitioner's next claim, 4.c. is that counsel was ineffective for failing to call character witnesses to testify on his behalf. In reviewing this issue, the Superior Court wrote:

> In its 1925(a) opinion, the PCRA court determined that counsel had a reasonable basis for declining to call the proposed character witnesses. The PCRA court based its decision on "the fact that, as part of the overall trial strategy, trial counsel called numerous witnesses on behalf of Appellant to testify regarding his good, honest, and truthful business practices"… Accordingly, the PCRA court considered the proposed character witnesses' testimony to be essentially cumulative of, and must less effective than, the witnesses who testified at trial to Appellant's business reputation…
>
> We agree with the PCRA court's analysis. In short, the proposed character witnesses' testimony was, in essence, cumulative of the evidence admitted by trial counsel. Because trial counsel had a reasonable basis not to call the proposed character witnesses, trial counsel cannot be deemed ineffective…[25]

Indeed, at the post-conviction hearing, trial counsel testified that in defense he had called a number of individuals who had conducted business with the petitioner to testify on his behalf. Specifically he testified that "it was my intention to show that Mr. Atkinson was in fact a legitimate businessman and he had done legitimate work in that line, legitimate business in that line of work, the railroad business" (TT. 10/19/09 p.30). That is, in the defendant's case, numerous witnesses had been called to testify as to the legitimacy of the petitioner's business and the manner in which he conducted that business and dealt with them, and any additional character witnesses would have been merely cumulative.

---

[24] See: Exhibit KK to the answer at pp.8-9.
[25] Id. at pp.14-16.

13

Clearly, the calling of additional character witnesses would have been merely cumulative of the evidence already presented, and failing to do so represented a legitimate trial strategy. For this reason counsel cannot be deemed to have been ineffective for failing to call additional witnesses to testify. Rolan v. Vaughn, supra.

Petitioner next contends that counsel was ineffective for failing to object to the charts employed by Glogowski and other accomplices as being based on hearsay and not admissible under the business records exception to the hearsay rules. This matter has been previously discussed in reviewing the petitioner's second claim for relief and need not be discussed any further in that it is meritless.

Atkinson's final claim is that as a result of the cumulative impact of his claims of ineffective counsel, he is entitled to relief. In reviewing this allegation, the Superior Court wrote that except where the claims are intertwined, "a claim of cumulative error does not exist in Pennsylvania…"[26] Nor are we aware of any determination of the United States Supreme Court validating such a claim. Nevertheless, as discussed above there is no federal basis which would support a finding that counsel was ineffective, so that there clearly is no basis for a cumulative effect claim.

Because as a matter of law, there has been no showing that the petitioner's conviction was secured in any manner contrary to the determination of Federal law by the United States Supreme Court, nor involved an unreasonable application of that law, there is no basis for relief here. Accordingly, it is recommended that the petition of Robert C. Atkinson for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: January 17, 2012

---

[26] Id. at p.23.