IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT C. ATKINSON, )
    Petitioner, )
)
vs. ) Civil Action No. 11-1187
)
JOSEPH MAZURKIEWICZ, et al., )
    Respondents. )

## MEMORANDUM ORDER

On January 17, 2012, United States Magistrate Judge Robert C. Mitchell filed a Report and Recommendation (ECF No. 16), recommending that the petition for writ of habeas corpus filed by petitioner Robert C. Atkinson (ECF No. 4) should be dismissed and that a certificate of appealability should be denied. Service of the Report and Recommendation was made on the parties, and after a motion for extension of time was granted, the petitioner filed objections (ECF No. 19) on March 1, 2012.

In his objections, the petitioner makes a number of arguments regarding the conclusions reached by the magistrate judge in the Report and Recommendation ("R&R") with respect to his claims. With the single exception that follows, his objections are overruled.

Petitioner challenges the R&R's conclusion that he procedurally defaulted Claim 1(b)— that the trial court committed error in denying his motion for an acquittal at the end of the prosecution's case in chief—because he raised it in his direct appeal to the Pennsylvania Superior Court but not in his petition for allowance of appeal to the Pennsylvania Supreme Court, which was filed in 2006. (R&R at 8-9.) The procedural default argument was made by the respondents in the answer (ECF No. 13 at 6-7.)

On May 9, 2000, the Pennsylvania Supreme Court issued "Order 218" which states that "a litigant shall not be required to petition for hearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state court remedies respecting a claim of error." The Court of Appeals for the Third Circuit has held that "Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c)." Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004).

Respondents acknowledge the existence of Order No. 218, but contend that, if a petitioner files a petition for allowance of appeal, he must still include in it any claim that he wishes to raise in subsequent federal habeas corpus proceedings. However, they cite no authority in support of this argument and this Court is aware of none. Nor is the Court aware of any law to the contrary.

Nevertheless, this issue need not be resolved because the R&R also concluded in the alternative that Claim 1(b) was decided by the Superior Court as a matter of state law (R&R at 9), a conclusion that is supported by the record. See ECF No. 13 Ex. V at 6-7. As the Supreme Court recently reiterated, "we have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions'" Waddington v. Sarausad, 129 S.Ct. 823, 832 n.5 (2009) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

The petitioner contends that, when the prosecution fails to present sufficient evidence to prove elements of a crime, the conviction is not consistent with the demands of the due process clause, citing Fiore v. White, 531 U.S. 225 (2001). In that case, the Supreme Court held that, when Fiore was convicted of violating a statute prohibiting the operation of a hazardous waste facility without a permit, although the Commonwealth conceded that he actually had a permit, his conviction failed to satisfy due process. That case and its holding are inapposite to the question

presented here, namely whether the Pennsylvania Superior Court determined his issue as a matter of state law, which it did. Consequently, he cannot present it to this Court as a matter of federal law.

AND NOW, this 9th day of March, 2012,

IT IS ORDERED that the petition for writ of habeas corpus filed by petitioner Robert C. Atkinson (ECF No. 4) is dismissed and, because reasonable jurists conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

Magistrate Judge Mitchell's Report and Recommendation dated January 17, 2012 (ECF No. 16) is adopted as the opinion of the Court, as modified by the instant Memorandum Order.

Nora Barry Fischer
United States District Judge

cc: Robert C. Atkinson
FS-9930
SCI Greensburg
165 SCI Lane,
Greensburg, PA 15601-9103